ORDERED in the Southern District of Florida on Jan. 26, 2007



John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

EDWARD H. SCHWARZ, III,                    Case No. 06-13348-BKC-JKO

   Debtor.                                 Chapter 7
_____/

### ORDER OVERRULING TRUSTEE'S OBJECTION
### TO DEBTOR'S CLAIMED EXEMPTION

**THIS CASE** came before me for hearing on October 3, 2006 on Kenneth A. Welt's ("the Trustee's") Objection to the Claimed Homestead Exemption [CP 18] (the "Objection") and Edward Schwarz's ("the Debtor's") Response to the Trustee's Objection to the Claimed Homestead Exemption [CP 42] (the "Response") After considering the oral arguments and the papers before me, I am satisfied that it is appropriate to rule.

There are no disputed facts in this case. The Debtor filed a voluntary petition for relief under chapter 7 of the U.S. Bankruptcy Code on July 21, 2006. The Debtor listed as an asset on Schedule A his current residence located at 1102 S.W. Elm Grove Court, Palm City, Florida 34990 (the "Real

Property") at a value of $410,000 subject to a lien of $328,000. The Debtor claimed the equity in the Real Property – $82,000 – as exempt on Schedule C. The Debtor and his wife acquired the Real Property by Warranty Deed dated April 20, 2006, and recorded in the Official Records of Martin County, Florida, on April 24, 2006, in OR Book 2135 at Page 1235. The Debtor listed his prior residences as: 15572 S.W. 50th Court, Miramar, FL (July 15, 2005 to July 25, 2006) and 20839 Highland Hall Drive, Montgomery Village, MD 20879 (July 1, 2002 to July 15, 2005).

The Debtor's schedules originally asserted that Florida law provided the basis for the Debtor's claimed homestead exemption. The schedules were subsequently and timely amended to add that the Debtor's exemption was based on tenancy by the entireties ownership of the Real Property with his non-debtor spouse. There are no joint creditors of both the Debtor and his wife.

The Trustee contends that because the Debtor did not live in Florida for the 730 days immediately prior to the filing of his bankruptcy petition, the provisions of 11 U.S.C. § 522(b)(3)(A) (as enacted in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA")) mandate that the applicable homestead exemption available to the Debtor is that of Maryland, where he lived for the period between 730 and 910 days prior to the petition date. Under § 522(b)(3)(A), a debtor may claim the homestead exemption of the state of his domicile on the date he filed his bankruptcy petition only if he has resided in that state for two years, or 730 days, prior to the petition date. If he has not, then the debtor can only assert the homestead exemption available under the laws of the state in which he resided for the greater part of the six months (180 days) prior to the 730-day period before the petition date.

The Trustee argues that the Debtor is claiming a homestead exemption for the Real Property under the Florida Constitution, Article X, section 4(a)(1) and *Fla. Stat.* §§ 222.01 and 222.02. The Trustee objects to the Debtor's claimed homestead exemption on the Real Property because the Debtor did not meet the 730 day domicile requirements under 11 U.S.C. § 522(b)(3)(A) to use Florida's homestead exemption. The Debtor concedes that he cannot exempt the Real Property under Florida's homestead exemption and agrees that Maryland law is the appropriate system to consider whether the Real Property is exempt as homestead.[1] The Trustee argues – and the Debtor agrees – that Maryland law does not provide a specific homestead exemption. If the sole exemption available to the Debtor were that provided by § 522(b)(3)(A), the Trustee's Objection would be sustained because under applicable Maryland law, no homestead exemption would be available to the Debtor.

Despite scheduling the Real Property as exempt pursuant to Florida homestead law, the Debtor now argues that he is not relying on the homestead provisions of Florida law. The Debtor instead asserts that 11 U.S.C. § 522 (b)(3)(B) provides an alternative ground for exempting the Real Property. Section 522 (b)(3)(B) establishes an exemption for:

> any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from the process under applicable non-bankruptcy law.

---

[1] Debtor's Amended Schedule C still lists Article 10, § 4(a)(1) of the Florida Constitution and *Fla. Stat.* §§ 222.01 and 222.02 as the basis for exempting the Real Property, in addition to 11 U.S.C. § 522(b)(3)(B), discussed below. I assume this is a belt-and-suspenders approach to the problem, hoping that at least one will hold up.

This exemption provision applies by its clear and unambiguous terms not merely to homestead property or to property that is the debtor's domicile, but to **all** property owned by a debtor in a tenancy by the entireties, if such property is exempt from process under state law.[2]

The question before me is whether the Debtor can claim an exemption for his residence under § 522(b)(3)(B). I conclude that he can. 11 U.S.C. § 522(b)(3)(B) exempts property owned under a tenancy by the entireties if the debtor had "any interest in [that] property ... immediately before the commencement of the case" if the property at issue would be "exempt from process under applicable nonbankruptcy law." Here, the Debtor acquired the Real Property with his wife in a tenancy by the entireties in April 2006 and had an ownership interest in the Real Property "immediately before the commencement of the case" on July 21, 2006.

The warranty deed attached as Exhibit B to the Response indicates that the Debtor and his wife took ownership of the Real Property as "husband and wife" on April 20, 2006. Florida law is extremely clear that property taken by husband and wife in joint name is held in a tenancy by the entireties absent some express indication that it is otherwise held. *Beal Bank, SSB v. Almand and Associates*, 780 So.2d 45, 55-6 (Fla. 2001). Therefore, the Debtor correctly asserts that the Real Property is held as a tenancy by the entireties.

Property held by a debtor in a tenancy by the entireties is exempt from claims of individual creditors in bankruptcy under Florida law common law. *Havoco of America, Ltd. v. Hill*, 197 F.3d 1135, 1139 (11th Cir. 1999). It is possible for a bankruptcy trustee to reach tenancy by the entireties

---

[2] It is curious that, despite its complex tinkering with homestead exemption provisions in BAPCPA, including changes to § 522(b)(3)(A) and new §§ 522(o), 522(p), and 522(q), Congress determined to leave wholly intact the preexisting blanket exemption available to debtors who own property in a tenancy by the entireties form if applicable nonbankruptcy law would exempt that property from process. The range of property so exempt under Florida law is extremely broad and encompasses far more than homestead property alone.

property to the extent of joints debts of both spouses or to the extent that the trustee can trace a fraudulent conveyance into the property. *Id.* Nothing before me indicates that the Debtor's spouse is jointly obligated on any of her husband's debts or that there was a fraudulent conveyance.

The final prong for exempting property under § 522(b)(3)(B) is that the debtor's interest in the property must be held "immediately before the commencement of the case." The Debtor filed his chapter 7 bankruptcy petition on July 21, 2006. The Debtor's statement of financial affairs lists the date of occupancy for the Real Property as July 26, 2006 until the present. However, the Warranty Deed by which the Debtor and his non-debtor spouse took title to the Real Property lists the date of the transfer as April 20, 2006. Consequently, notwithstanding the fact that the Debtor first resided there post-petition, the Debtor held a tenancy by the entireties interest in the Real Property at issue "immediately before the commencement of the case" and he has therefore met all the requirements to the exempt the property under § 522(b)(3)(B).

The Debtor finally argues that the property was simply a transfer of one entireties property into another entireties property, and it never lost its exempt status. The Debtor and his spouse owned a residence in Maryland in a tenancy by the entireties from 2002 through 2005, and resided[3] in Broward County, Florida, from 2005 through July 25, 2006. As noted above, Maryland does not provide a homestead exemption as such. However, Maryland does provide an exemption from execution for property owned in a tenancy by the entireties. *Schlossberg v. Barney,* 380 F.3d 174 (4th Cir. 2004); *Beall v. Beall,* 291 Md. 224, 434 A.2d 1015 (1981). The Debtor suggests, without establishing the fact with any evidence, that the proceeds from the sale of his and his wife's Maryland homestead were utilized to purchase the Real Property at issue here, and that the Real Property is thus exempt because

---

[3]There is no suggestion in the pleadings that the Debtor and is wife owned their Broward County residence.

the funds used to purchase it were themselves exempt from execution under either Maryland or Florida law. Since § 522(b)(3)(B) does not require that the entireties property sought to be exempted must have been acquired with (exempt) entireties funds, only that it be held in tenancy by the entireties before the filing of the petition, I do not need to determine in this case where the funds actually came from. Because the Debtor has satisfied all the requirements of § 522(b)(3)(B) and there is no assertion by the trustee that there was a fraudulent conveyance or that there are joint debts owed by both the Debtor and his spouse, I do not need to look beyond the face of the transaction under which the Real Property was acquired to determine that the Real Property is exempt under the express provisions of 11 U.S.C. § 522(b)(3)(B).

I conclude that Florida real property owned by a Florida-domiciled debtor is exempt from administration as property of the estate regardless of when the debtor became a Florida domiciliary if the debtor had, immediately before the commencement of the case, an interest in that property held in a tenancy by the entireties with a spouse. Accordingly, it is:

ORDERED that the Trustee's objection to the Debtor's claimed exemption of the Real Property is OVERRULED and the Real Property is hereby determined to be EXEMPT.

###

Copies to:

David Marshall Brown, Esquire
Robert A Angueira, Esquire
Kenneth A. Welt, Trustee
Office of the United States Trustee